[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is a Petition to Confirm an arbitrator's decision and award filed by R.I. Laborers' District Council, on behalf of Local Union 1033 (petitioner) and a Motion to Vacate that award filed by the Providence School Board (respondent). Jurisdiction in this Superior Court is pursuant to R.I.G.L. (1985 Reenactment) § 28-9-17 and § 28-9-18.
FACTUAL BACKGROUND
The Rhode Island Laborers' District Council, on behalf of Local Union 1033 (petitioner) and the Providence School Board (respondent) are parties to a collective bargaining agreement. Pursuant to that agreement, a grievance was filed by the petitioners on behalf of Mr. Anthony DiMaio and Mr. Joseph Capraro. The grievance filed February 7, 1990 claimed that the School Board was violating the parties' contract by engaging an outside consulting firm, FRM, to perform the work of the bargaining unit. Attorney for petitioners and Mr. Vincent McWilliams, former Chairman of the Providence School Board, met to discuss the grievance. Subsequently, a Demand for Arbitration was filed pursuant to provisions of the parties' collective bargaining agreement.
Thomas W. Zona was chosen as arbitrator by the parties from a list provided by the American Arbitration Association. The arbitrator conducted a hearing on April 8, 1992. Both parties were represented by counsel and presented testimony at this hearing. The arbitrator offered both parties an opportunity to submit a brief; however, neither side elected to do so.
The issues decided by the arbitrator were:
 Did the School Department violate the collective bargaining agreement by assigning additional work to the grieving employees?
 Was an agreement reached by the parties to effect said increase and did the agreement fail to be implemented later? If so, what shall be the remedy? R.I.L.D.C. Local 1033 and Providence School Board, (10-E-390-0038-92), Arbitrator Zona, at 3.
At the conclusion of the hearing, the arbitrator found that the respondent did not contest whether the grievants were assigned additional duties. The arbitrator also found that both parties agreed that a settlement had been reached between the parties at one time or another. Therefore, on May 7, 1992 the arbitrator issued an award finding that the collective bargaining agreement had been violated by the Providence School Board and that an agreement was made by the parties pertaining to that violation. The ultimate issue therefore became the validity of the oral agreement. The arbitrator found that the respondent's claim that the agreement was entered into by an unauthorized person was unfounded. Therefore, pursuant to said agreement, the arbitrator ordered the School Board to pay a lump sum of $4,000, with eight (8%) interest added to both Mr. Anthony DiMaio and Mr. Joseph Capraro. Furthermore, the School Board was directed to increase the two individuals' salaries to $43,285 retroactive to January 1, 1992 with interest of eight (8%) added. To date, the respondent has not implemented the remedy directed by the arbitrator.
On July 3, 1992, petitioner filed a Petition to Confirm and Enforce the arbitration award. Respondent objected and filed a Motion to Vacate the arbitration award. Respondent contends that the arbitrator exceeded his powers so that a mutual definite award upon the subject matter was not made. Respondent does not contest the arbitrator's finding that the collective bargaining agreement had been violated by the Providence School Board. Rather, respondent challenges the arbitrator's finding that a valid agreement had been reached between the petitioner and respondent. Respondent argues that the Providence City Charter does not permit the School Committee Chairman unilaterally to bind the School Committee. Therefore, according to respondent, the arbitrator's finding that an agreement existed is clearly erroneous. Petitioner objected to Respondent's motion, contending that the arbitrator did not exceed his authority and that a valid agreement between the parties had been entered..
JUDICIAL REVIEW OF ARBITRATION DECISIONS
This Court's authority to review an arbitrator's award is found in R.I.G.L. § 28-9-18. Under this statute there are three specific grounds for vacating an arbitration award. They are:
 (1) When the award was procured by fraud.
 (2) Where the arbitrator or arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final and definite award upon the subject matter submitted was not made.
 (3) If there was no valid submission or contract, and the objection has been raised under the conditions set forth in § 28-9-13.
It is established that the Court's authority to overturn an arbitrator's award is limited to these three specific grounds.City of Pawtucket v. Pawtucket Lodge No. 4, 545 A.2d 499, 503 (R.I. 1988). The arbitrator's award must be upheld unless there is a "manifest disregard of the contractual provisions, or a completely irrational result." Jacinto v. Egan, 120 R.I. 907, 914, 391 A.2d 1173, 1176 (1978); Belanger v. Matteson,115 R.I. 332, 356, 346 A.2d 124, 138 (1975). Even if the arbitrator misconstrues the contract or the law, this Court has no basis for striking down the award. Jacinto, 120 R.I. at 911, 391 A.2d at 1175. As long as "the award draws its essence from the contract and is based upon `passably plausible' interpretation of the contract it is within the arbitrator's authority and [this Court's] review must end." R.I. Council 94 v. State,456 A.2d 771, 774-75 (R.I. 1983); Jacinto, 120 R.I. at 912, 391 A.2d at 1176 (quoting language from United Steelworker's of America v.Enterprise Wheel Car Corp., 363 U.S. 593, 597 (1960)). The burden of proving that the award is completely irrational or a manifest disregard of the contractual provisions is on the party moving to vacate the arbitrator's award. Coventry Teachers'Alliance v. Coventry School Committee, 417 A.2d 886, 888 (R.I. 1980).
DISCUSSION
In this case, the respondent bears the burden of demonstrating that the arbitrator's decision is completely irrational or a manifest disregard of the contractual provisions. The respondent concurs with petitioner that the arbitrator's decision and award "contains a thorough, precise and detailed discussion and analysis of the facts, testimony and exhibits." Petitioner's Pre-Hearing Memorandum, p. 1-2; Respondent's Pre-Hearing Memorandum, p. 2. Respondent, however, proceeds to argue that the arbitrator exceeded his authority by misconstruing the School Committee Chairman's authority to enter into agreements.
In addressing this issue, the arbitrator reviewed the parties' collective bargaining agreement as well as grievance settlement precedents. The arbitrator found that Article XIV of the collective bargaining agreement spelled out various measures to settle grievances. Furthermore, the arbitrator found that at each step of the grievance procedure the bargaining agreement grants to the designated employee power to settle grievances. The bargaining agreement, according to the arbitrator, did not provide for further evaluation or reversal of a settlement. Therefore, the arbitrator concluded that the settlement agreement entered into by the parties' was valid.
The respondent argues that the arbitrator misconstrued the collective bargaining agreement in that the Chairman was not a "designated employee" as considered by Article XIV of the agreement. In addition the respondent contends that the arbitrator's award was irrational because of the statutory delegation of power. As already noted, misconstruing the contract or the law is not a basis for striking the award. Jacinto, 120 R.I. at 911, 391 A.2d at 1175.
A review of the arbitrator's decision and award reveals that the arbitrator clearly understood and analyzed the issues before him, based upon the evidence before him. The arbitrator heard the testimony of four witnesses: two presented by petitioner and two presented by respondent. While the respondent did not offer any exhibits, the arbitrator accepted five exhibits from the petitioners. Additionally, the arbitrator carefully reviewed and analyzed the list of "Grievance Settlements as Binding Precedents" offered by the petitioner. The arbitrator's nineteen page decision demonstrates the arbitrator's careful and rational decision of the issues presented to him by the parties.
Therefore, the Court finds that the arbitrator did not exceed his authority in the matters presented to him by the parties. This Court further finds that the respondent has failed to meet its burden of showing that the arbitrator's decision is irrational or a manifest disregard of the provisions of the collective bargaining agreement.
Accordingly, Rhode Island Laborers' District Council's Motion to Confirm the award is granted. This decision renders moot the Providence School Board's motion to vacate. Accordingly, the Providence School Board's motion to vacate the arbitrator's decision and award is dismissed.